# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | **ID No. 1801017678** |
| | ) | |
| DEMETRIUS A. JONES, | ) | |
| Defendant. | ) | |

Submitted: July 1, 2020
Decided: August 4, 2020

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

This 4th day of August, 2020, upon consideration of the Defendant's Motion for Sentence Reduction (D.I. 20), the State's response thereto (D.I. 24) and the record in this matter, it appears to the Court that:

(1)    On the day Demetrius A. Jones was scheduled for trial, July 12, 2018, he pleaded guilty to one count of Possession of a Firearm by a Person Prohibited (PFBPP).[1] The plea was a consolidated resolution of new charges and Mr. Jones's then-pending probation violation (VOP) from earlier burglary conviction.[2] Mr. Jones pled in exchange for dismissal of the remaining charges and the State's

---

[1]    Plea Agreement, *State v. Demetrius A. Jones*, I.D. No. 180101768 (Del. Super. Ct. July 12, 2018) (D.I. 17).

[2]    *Id.*

- 1 -

favorable sentencing recommendation (a total of five years unsuspended imprisonment with other terms).[3]

(2) He was immediately sentenced as follows: 15 years at Level V suspended after serving five years at Level V for 18 months of supervised probation.[4] Because of Mr. Jones's previous violent felony conviction, the unsuspended five-year period of imprisonment for PFBPP was (and still is) a minimum term of incarceration that had to be imposed and could not be suspended or reduced.[5] And his sentence's effective date is January 30, 2018.

(3) Mr. Jones filed no direct appeal from his conviction or sentence.

(4) But Mr. Jones has now filed a Rule 35(b) motion.[6] He essentially requests the Court to reduce his Level V term to time-served; that would almost

---

[3] *Id.*

[4] Sentence Order, *State v. Demetrius A. Jones*, I.D. No. 180101768 (Del. Super. Ct. July 12, 2018) (D.I. 19). Mr. Jones's pending VOP was adjudicated and that probated sentence terminated with this disposition. *See* VOP Sentence Order, *State v. Demetrius A. Jones*, I.D. No. 1608014354 (Del. Super. Ct. July 12, 2018) (Case No. 1608014354 - D.I. 15).

[5] DEL. CODE ANN. tit. 11, § 1448(e)(1)(b) (2017) (providing that any person convicted of PFBPP "shall receive a minimum sentence of: Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction, whichever is the later date"). Mr. Jones had been convicted the previous year of the second degree burglary for which he was still on probation when he committed this PFBPP. *See* Sentencing Order, *State v. Demetrius A. Jones*, I.D. No. 1608014354 (Del. Super. Ct. Jan. 19, 2017) (Case No. 1608014354 - D.I. 10). Burglary second degree was (and still is) a violent felony. DEL. CODE ANN. tit. 11, § 4201(c) (2017).

[6] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del.

halve Mr. Jones's sentence.[7] He suggests that the Court should grant the Level V reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic.[8] Mr. Jones posits that such reduction is appropriate because: (a) he believes he is particularly at high risk for COVID-19 infection in the prison and, as an asthmatic, "at the top of the list for death;"[9] and (b) he believes he poses no threat to the community if placed on home confinement for the remaining two or so years of his prison term.[10]

(5) The Court may consider this motion "without presentation, hearing or argument."[11] The Court will decide his motion on the papers filed and the complete record in Mr. Jones's case.

---

May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[7] Def. Rule 35(b) Mot. (D.I. 20); *id.* at 3 ("On my 5 year sentence I have 2½ years in on my sentence. I'm asking that the courts reward me my request to finish the remainder of my time at home confinement.); *id.* at 5 (asking that the Court "consider an alternative to place [Mr. Jones] on home confinement for the remainder of [his] sentence.").

[8] *Id.* at 2-3, 5.

[9] *Id.* at 2. Mr. Jones also makes an unintelligible reference to the 2019 amendments to 11 *Del. C.* § 3901(d). *Id.* But those recent changes—which further expanded a Delaware sentencing judge's authority to impose concurrent, rather than consecutive terms of confinement—are simply inapplicable to Mr. Jones's case; he is serving a single sentence for PFBPP. *See State v. Thomas*, 220 A.2d 257, 261 (Del. Super. Ct. 2019) (explaining the meaning of a "House Bill 5" reference in a Rule 35(b) motion); *id.* at 263-64 (explaining that even in applicable circumstances, the 2019 changes to 11 *Del. C.* § 3901(d) are not retroactive).

[10] Def. Rule 35(b) Mot., at 5.

[11] Super. Ct. Crim. R. 35(b).

(6)     When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[12]

(7)     "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[13]     An exception to this bar exists:  to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary circumstances."[14]     A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[15]

(8)     The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[16]     "And for the purposes of Rule 35(b), 'extraordinary circumstances'

_____

[12]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[13]  *Redden,* 111 A.3d at 607 (internal citations omitted).

[14]  *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[15]  *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[16]  *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

- 4 -

have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[17] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[18]

(9)    As this Court has recently and oft noted, no special early release rule or procedure has been created to address the current COVID-19 health crisis; the relief an inmate seeks through the type of motion Mr. Jones has filed is governed by this Court's Criminal Rule 35(b).[19] Just incanting "COVID-19" is inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[20]

(10)    Upon the Court's order for a response to this motion, the State had Mr. Jones's medical records reviewed by the Department of Correction's (DOC) medical director. That review confirmed that Mr. Jones is a 25-year-old man with

---

[17] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[18] *Id.*

[19] *E.g. State v. Lindsey*, 2020 WL 4038015, at *2 (Del. Super. Ct. July 17, 2020); *State v. D'Azevedo*, 2020 WL 3888334, at *1 (Del. Super. Ct. July 10, 2020).

[20] *Lindsey*, 2020 WL 4038015, at *2 n.21 (collecting cases).

a past medical history of well-controlled asthma, but who has shown no recent signs of increased asthma-related symptoms. In short, the review of his medical history evidences that Mr. Jones has no acute medical issue.[21] And the State's response outlines the extreme and extensive measures that the DOC is engaging to minimize any risk of COVID-19 infection for Mr. Jones and all other inmates at DOC facilities.[22] Given all that, there is simply no evidence that Mr. Jones faces "a truly compelling change in [his] individual circumstances that presents an urgent need for revision of [his] sentence's terms." [23]

(11) Should Mr. Jones's specific individual medical circumstance warrant sentence reduction, then such relief must be sought through a DOC application under 11 *Del. C.* § 4217.[24] Good cause to reduce an inmate's level of custody or time to be served via a Section 4217 application specifically includes "serious medical illness or infirmity of the offender."[25] "It is indeed clear from Rule 35's language itself that an inmate's emergent medical situation is not the stuff of which

---

[21] State's Resp., at 2 (D.I. 24).

[22] *Id.*

[23] *Thomas*, 220 A.3d at 262.

[24] *State v. Hampton,* 2020 WL 4284327, at *2 (Del. Super. Ct. July 27, 2020).

[25] DEL. CODE ANN. tit. 11, §§ 4217(b)-(c) (2017); *id.* at §§ 4217(d)(3)-(f)(setting forth specific provisions and exceptional procedures for DOC applications based on an inmates serious medical illness or infirmity).

a claim of 'extraordinary circumstances' is made."[26] Rather such situations, when they arise, are properly addressed under Title 11, Section 4217.[27]

(12) Mr. Jones's failure to meet Rule 35's "extraordinary circumstance" criterion is not all that prohibits this Court from considering his time-barred prayer for reduction of his Level V term.

(13) Even were Rule 35's time bar inapplicable here, the Court still has no authority under that rule to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[28] There is no special COVID-19 early release rule that overcomes that prohibition either.[29]

(14) The five years of imprisonment for Mr. Jones's PFBPP conviction is the minimum term of incarceration that must be imposed and cannot be suspended or reduced.[30] Mr. Jones has requested a Level V reduction that would violate the

---

[26] *Lindsey*, 2020 WL 4038015, at *3. *But see State v. DeRoche*, 2003 WL 22293654 (Del. Super. Ct. Aug. 29, 2003) (where Court considered sentence modification for inmate who had actually suffered a heart attack because Court found, in fact, the DOC had failed to provide the inmate with adequate medical care under 11 *Del. C.* § 6536).

[27] *Lindsey*, 2020 WL 4038015, at *3.

[28] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[29] *Lindsey*, 2020 WL 4038015, at *3.

[30] *See* n.5, *supra.*; *see also Kelly v. State*, 2019 WL 6048093, at *1 (Del. Nov. 14, 2019).

five-year minimum required by 11 *Del. C.* § 1448(e)(1)(b).[31]  And that the Court cannot do[32]—even in the midst of a pandemic.[33]

(15)  **NOW, THEREFORE, IT IS ORDERED** that Mr. Jones's motion for reduction of the Level V term of his sentence must be **DENIED** because it is both time-barred and seeks relief that is statutorily prohibited.

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Demetrius A. Jones, *pro se*
Gregory E. Smith, Deputy Attorney General
Rebecca A. Song, Deputy Attorney General
Investigative Services Office

---

[31]  Even with good time credits, the DOC reports that Mr. Jones presently is not scheduled for release from incarceration until August 11, 2022. State's Resp., at 2.

[32]  *Kelly*, 2019 WL 6048093, at *2 ("To the extent Kelly seeks reduction of his PFBPP sentence under Rule 35(b), the Superior Court cannot reduce the mandatory portion of Kelley's sentence.).

[33]  *Hampton*, 2020 WL 4284327, at *2.